■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK DAWKINS, Appellant. [617 NYS2d 172] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered November 20, 1991, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree and

sentencing him, as a second violent felony offender, to a term of from 5 to 10 years, unanimously affirmed.

Notwithstanding defendant's attempt to differentiate his situation from that prevailing in *People v Bora* (83 NY2d 531), in which the Court of Appeals recently rejected an argument advanced by the defense that a command to "stop" constituted an illegal seizure of the person, there is no significant distinction between what occurred in the two instances. The arresting officer herein received a radio transmission of a man with a gun and shortly thereafter encountered defendant, who closely matched the description given and was in close proximity to the stated location. Upon noticing the officers, he started to walk away "quickly". As in *People v Bora,* defendant ran when a policeman, engaged in an effort to exercise his right of inquiry, demanded that he "come here" (in *Bora,* the demand was to "stop"). Moreover, the police officer left his car alone, without his gun drawn and merely sought to approach defendant to speak with him. Yet, defendant fled. The Trial Judge deemed the officer's testimony to be credible, and we have no reason to find otherwise. In any event, it was attenuated when defendant drew the gun. Consequently, defendant's motion to suppress the gun defendant drew during the course of the chase was properly denied. Concur—Wallach, J. P., Kupferman, Ross, Nardelli and Williams, JJ.